#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MUELLER, | ) | |
| | ) | CIVIL ACTION NO.:  3:24-cv-51 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| TEAM TEN, LLC d/b/a | ) | |
| AMERICAN EAGLE PAPER MILLS | ) | *ELECTRONICALLY FILED* |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

Plaintiff, Michael Mueller, a resident of Blair County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendant, Team Ten, LLC, d/b/a American Eagle Paper Mills, demands a trial by jury, and complains and alleges as follows:

### JURISDICTION AND VENUE

1. This Complaint alleges illegal discrimination on the basis of Mr. Mueller's disabilities and serious health conditions, in violation of the laws and statutes of the United States of America, specifically, the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, *et seq*. (the "ADA"),  and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. (the "FMLA").

2. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331 and 1343. This Court also has pendant jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district pursuant 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, specifically in Blair County, Pennsylvania.

4.      Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

5.      Plaintiff Michael Mueller ("Mr. Mueller") is a resident of Altoona, Blair County, Pennsylvania.

6.      At all times relevant to this Complaint, Mr. Mueller was an individual with a "disability" as that term is defined under Section 12102(a) of the ADA and a "serious health condition" under Section 101(11) of the FMLA. Specifically, Mr. Mueller suffers from plaque psoriasis and psoriatic arthritis, both autoimmune disorders that affect Mr. Mueller's major bodily function of immune system functions and also periodically affect Mr. Mueller's major life activities of performing manual tasks and walking.

7.      Defendant, Team Ten LLC d/b/a American Eagle Paper Mills ("AEPM"), is a Pennsylvania company specializing in the manufacturing and production of recycled paper products.

8.      AEPM maintains a manufacturing and production facility at 1600 Pennsylvania Avenue, Tyrone, Blair County, Pennsylvania (the "Tyrone facility").

9.      At all times relevant and material hereto, AEPM employed in excess of fifty (50) individuals at its Tyrone facility.

## ADMINISTRATIVE PROCEEDINGS

10.     Mr. Mueller filed a Charge of Discrimination alleging disability discrimination and failure to accommodate with the Equal Employment Opportunity Commission ("EEOC") on or

about October 3, 2023, with instructions to cross file with the Pennsylvania Human Relations Commission ("PHRC"). The EEOC complaint was docketed as Case No.533-2024-00034.

11. Mr. Mueller received a Notice of Right to Sue letter from the EEOC dated January 16, 2024, and, thus, satisfied all federal administrative requirements prior to filing of this Complaint.[1]

**STATEMENT OF FACTS**

12. Mr. Mueller was employed by AEPM at its Tyrone facility, beginning on July 26, 2023.

13. Mr. Mueller was initially hired to work as a Broke Hustler and was promoted into the position of Machine Operater soon after hiring.

14. Prior to his employment with AEPM, Mr. Mueller was diagnosed with plaque psoriasis and psoriatic arthritis – both chronic autoimmune disabilities and serious health conditions that affect Mr. Mueller's major bodily function of immune system functions and also periodically affect Mr. Mueller's major life activities of performing manual tasks and walking.

15. Mr. Mueller experiences periods of months at a time during which he lives with no symptoms related to these medical conditions.

16. While Mr. Mueller is generally unaffected by the symptoms of these conditions, when he experiences an active flareup it may become necessary for him to periodically take a day off from work.

---

[1] Mr. Mueller's claims for disability discrimination were "dual-filed" with the PHRC on or about October 3, 2023. As such, Mr. Mueller intends to amend his Complaint to include these state claims once they become ripe one year from their PHRC filing date.

17. Early in Mr. Mueller's employment, he informed Human Resources Manager of AEPM, Tammy Reeve, of his disabilities and related symptoms. He also informed Ms. Reeve that an occasional flareup may require him to take a day off from work.

18. As a benefit of his employment, Mr. Mueller was afforded sick days and personal days which allowed him to take time off from work as needed.

19. As Mr. Mueller was aware that his conditions required him to occasionally miss work, he did not take vacations in an effort to maximize and preserve all of his allotted excused absences for days when he was experiencing flareups from his disabilities.

20. Each time Mr. Mueller missed work due to a flareup of his disabilities, he notified AEPM – typically Ms. Reeve – that he would need to take off work in accordance with AEPM's leave policy.

21. When required, Mr. Mueller presented notes from his physician to AEPM – again, typically to Ms. Reeve – which indicated why he needed to take time off of work.

22. As AEPM had an attendance policy that assigned points for absences when employees did not use an allotted personal or sick day for time off, Mr. Mueller regularly questioned Ms. Reeve about the number of points he accrued to be certain that he did not exceed the point threshold.

23. During these conversations, Mr. Mueller and Ms. Reeve discussed Mr. Mueller's disabilities and related symptoms, as they were the primary reason why he was forced to take time off of work.

24. As Mr. Mueller approached one year of employment with AEPM, he would soon then become eligible for job-protected leave under the FMLA. However, Ms. Reeve did not provide Mr. Mueller with any paperwork to apply for FMLA leave despite her specific knowledge

that his allotted personal and sick time was being depleted because of his serious health condition, and that FMLA would immediately provide him with job-protected leave to avoid accruing points under AEPM's attendance policy.

25.     On July 31, 2023, and on August 1, 2023, Mr. Mueller had to miss work due to a flareup, which was explained by Mr. Mueller to Ms. Reeve.

26.     On August 1, 2023, Mr. Mueller was contacted by Ms. Reeve, who informed him that he was assigned attendance points for his July 31 and August 1 absences related to his flareup, and that as a result, he was now terminated because he failed to apply for job-protected leave under the FMLA.

27.     As of July 26, 2023, Mr. Mueller was eligible for job-protected leave pursuant to the FMLA, as he worked in excess of 1,250 hours in the twelve months prior and as AEPM employed in excess of 50 employees at its Tyrone facility.

28.     From early in Mr. Mueller's employment with AEPM, Ms. Reeve had specific knowledge that Mr. Mueller was occasionally required to miss work because of disabilities and a serious health condition.

29.     By her own words, on August 1, 2023, Ms. Reeve was specifically aware that Mr. Mueller qualified for job-protected leave pursuant to the FMLA.

30.     However, at no point did Ms. Reeve ever explain to Mr. Mueller that he was eligible for FMLA or provide Mr. Mueller with the requisite paperwork to apply for leave pursuant to the FMLA.

31.     As such, Ms. Reeve interfered with Mr. Mueller's right to take job-protected leave pursuant to the FMLA.

32. Moreover, Ms. Reeve's above conduct illustrates her failure to engage in any interactive process with Mr. Mueller and deliberate refusal to offer Mr. Mueller a reasonable accommodation (FMLA leave or periodic, excused time away from work) with respect to his disability in violation of the ADA.

## COUNT I

### Violation of the FMLA
*Interference with FMLA Rights*

33. All prior paragraphs are incorporated herein as if set forth fully below.

34. Mr. Mueller's medical diagnoses of plaque psoriasis, psoriatic arthritis are each "serious health conditions" under the FMLA.

35. As of July 26, 2023, Mr. Mueller had the right under the FMLA to twelve (12) weeks of job-protected leave in a fifty-two (52) week period because of his serious health condition.

36. On July 31, 2023, and on August 1, 2023, Mr. Mueller sought leave from work to tend to the symptoms of his serious health condition, the reasons for which was relayed to AEPM's Human Resources Manager.

37. On July 31, 2023, and on August 1, 2023, after working for AEPM for one year and becoming working FMLA, AEPM did not advise Mr. Mueller of his FMLA rights..

38. AEPM's failure to advise Mr. Mueller of his FMLA rights interfered with his ability to exercise his FMLA rights in a meaningful way, as he was assessed attendance points for his absences on both July 31, 2023, and on August 1, 2023.

39. As a direct result of AEPM's failure to advise Mr. Mueller of his FMLA rights, he suffered injury, as he was terminated for exceeding AEPM's attendance point threshold.

40. The actions set forth above constitute violations of the FMLA.

41. Had Mr. Mueller not been assessed attendance points on July 31, 2023, and on August 1, 2023, days that he was eligible for leave pursuant to FMLA, Mr. Mueller would not have exceeded AEPM's attendance point threshold and his employment would not have been terminated.

WHEREFORE Mr. Mueller seeks judgment in his favor and against AEPM for (a) back pay and benefits; (b) reinstatement and/or front pay and benefits in lieu of reinstatement; (c) interest on his monetary losses at the prevailing rate; (d) liquidated damages; (e) attorneys' fees and costs; and (f) such legal and/or equitable relief as allowed by law.

## COUNT II

### Violations of the ADA
*Discrimination and Failure to Provide Reasonable Accommodation*

42. All prior paragraphs are incorporated herein as if set forth fully below.

43. Mr. Mueller is within the protective class of individuals as designated by the ADA.

44. Mr. Mueller is a qualified individual with a disability.

45. Mr. Mueller's disabilities substantially limits his ability to perform major life activities and substantially affects his major bodily functions.

46. Mr. Mueller was able to perform the essential functions of his job with a reasonable accommodation.

47. AEPM violated the ADA and committed illegal discrimination by failing to afford Mr. Mueller an available reasonable accommodation and by terminating his employment because he is disabled.

48. Specifically, AEPM could have provided Mr. Mueller with the reasonable accommodation of using available job-protected leave under the FMLA rather than accrue attendance points which resulted in his unlawful termination.

49. AEPM further violated the ADA by failing to engage in an interactive process with Mr. Mueller to explore whether a reasonable accommodation, including but not limited to using FMLA leave, was available to avoid being terminated under AEPM's point system.

50. This illegal discrimination is based solely upon Mr. Mueller's disabilities.

51. As a direct and proximate result of the conduct of AEPM in violating the ADA in discriminating against Mr. Mueller on the basis of his disabilities, Mr. Mueller has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Mr. Mueller demands that the Court declare the conduct engaged in by AEPM to be a violation of Mr. Mueller's rights under the ADA and award all compensatory damages, damages for failure to provide reasonable accommodation, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, liquidated damages for intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress, punitive damages, reasonable attorneys' fees and costs incurred herein and any pre and/or post judgment interest on all money awarded in damages for delay.

**DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Date: March 6, 2024

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

/s/ Michael J. Bradley
Michael J. Bradley, Esquire
PA I.D. #: 329880
mbradley@weisbergcummings.com

/s/ Larry A. Weisberg
Larry A. Weisberg, Esquire
PA I.D. #: 83410
lweisberg@weisbergcummings.com

/s/ Derrek W. Cummings
Derrek W. Cummings, Esquire
PA Bar I.D. #: 83286
dcummings@weisbergcummings.com

/s/ Steve T. Mahan
Steve T. Mahan, Esquire
PA I.D. #: 313550
smahan@weisbergcummings.com

*Counsel for Plaintiff*